UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SHARON SAGLIANI,[1]

        Plaintiff,

        v.

DR. WILLIAM FEELEY,

        Defendant.

DECISION AND ORDER
10-CV-613A

---

## **INTRODUCTION**

Plaintiff Sharon Sagliani commenced a pro se action in small claims court against defendant, Dr. William Feeley. Plaintiff asserted that she sustained injuries from Dr. Feeley that required hospital care, loss of money, and monetary loss. Plaintiff sought $5,000 in damages.

Defendant removed the case to this Court on July 23, 2010. On July 28, 2010, defendant filed: (1) a motion to substitute the United States of America for the defendant, Dr. Feeley, as he was acting within the scope of his employment at the time of the events giving rise to plaintiff's injuries occurred; and (2) a

---

[1] It appears that the plaintiff's name is incorrectly spelled on this Court's docket. Plaintiff spells her name "Sagliani." That is how she spelled it in her small claims court complaint. However, when the action was removed plaintiff's name was erroneously misspelled as "Saglianii."

motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1). The Court directed that any response to the motion be filed by August 25, 2010, and scheduled oral argument for September 9, 2010. Plaintiff failed to respond. Plaintiff failed to appear on September 9th and the Court deemed the matter submitted on that date.

For the reasons stated, the motion to substitute is granted and the motion to dismiss is granted.

## DISCUSSION

### A. Motion to Substitute

Plaintiff seeks to recover damages from Dr. Feeley, who is employed by the United States Department of Veteran Affairs. On July 23, 2010, United States Attorney William J. Hochul, Jr., certified that Dr. Feeley was acting within the scope of that employment when the events giving rise to plaintiff's injury occurred. Under the Federal Tort Claims Act ("FTCA"), a government employee acting within the scope of his employment may not be sued individually for negligence. See 28 U.S.C. § 2679(b)(1) ("The remedy against the United States [under the FTCA] for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action ...."). Further, upon certification by the Attorney General

2

that the defendant employee was acting within the scope of his office or employment at the time that the incident occurred, the United States must be substituted as defendant. See 28 U.S.C. §2679(d)(1). Accordingly, the motion to substitute the United States as defendant is granted.

B. **Motion to Dismiss**

The defendant moves to dismiss this claim for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1). Under 12(b)(1), the Court is required to dismiss a case for lack of subject matter jurisdiction "when the court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). On a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff asserting subject matter jurisdiction bears the burden of proving by a preponderance of the evidence that jurisdiction exists. Id. The Court may refer to evidence outside the pleadings to assist in its determination. Id. Plaintiff Sagliani has failed to meet her burden.

The United States, as a sovereign government, is immune from suit unless it consents to be sued or it waives immunity. The FTCA constitutes a limited waiver of sovereign immunity. The FTCA waives the government's sovereign immunity for "claims against the United States, for money damages ... for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope

3

of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." Thus, plaintiff's tort claim for injuries caused to her by Dr. Feeley while Dr. Feeley was acting within the scope of his employment fall within the FTCA.

However, a prerequisite to suit against the FTCA is that the plaintiff first file an administrative claim against the appropriate federal agency - in this case, the Department of Veteran Affairs (VA). See 28 U.S.C. § 2675(a) ("An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency . . . "). In support of the motion to dismiss, the United States provided an affidavit from Kathryn Varkonda, Performance Manager for the VA, certifying that she has searched the records and databases of the agency to determine if the plaintiff or her husband, Dr. Anthony Sagliani, filed an administrative tort claim against the VA or Mr. Feeley. Ms. Varkonda certified that there have been no tort claims filed by plaintiff or her husband. The failure to file an administrative claim is a jurisdictional defect that cannot be waived. See Keene Corp. v. United States, 700 F.2d 836, 841 (2d Cir. 1983). Because plaintiff has failed to satisfy the jurisdictional prerequisite to filing

a claim under the FTCA, plaintiff's complaint must be dismissed for lack of subject matter jurisdiction.

## **CONCLUSION**

For the reasons stated, defendant's motion to substitute the United States as the defendant is granted, and the motion to dismiss is granted. The Clerk of the Court shall take all steps necessary to close this case.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: September 9, 2010